**SO ORDERED.**

**SIGNED this 28 day of August, 2007.**

_____
**J. Rich Leonard**
**United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

IN RE:                                                                    CASE NO.

LOYDA ELIZABETH POLANCO-PIMENTEL,            07-02251-8-JRL

Debtor.

ORDER

The matter before the court is the debtor's motion to reconsider the order dismissing this case entered on August 6, 2007. For the reasons that follow, the motion will be denied.

On June 20, 2007, the debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code. On June 21, 2007, the court sent the debtor a deficiency notice for missing schedules and statements, noting that the case would be subject to automatic dismissal pursuant to 11 U.S.C. § 521(i) if the required documents were not timely filed.[1]

The debtor failed to file the missing schedules and statements, and the case was automatically dismissed pursuant to § 521(i) on August 6, 2007. On August 24, 2007, the debtor

_____

[1] Section 521(i)(1) provides, in relevant part, that "if an individual debtor in a voluntary case under chapter 7 or 13 fails to file all of the information required under subsection (a)(1) within 45 days after the date of the filing of the petition, the case shall be automatically dismissed effective on the 46th day after the date of the filing of the petition."

filed a motion to reinstate the case, asserting that it was due to her attorney's inadvertent computer error that all schedules and statements were not filed.

"There is no provision other than § 521(i)(4) [which provides that on the motion of the trustee made within the 45-day period the court may decline to dismiss the case under certain circumstances] that gives the court the authority <u>not</u> to dismiss the case if the required documents are not filed." <u>In re Woodard</u>, Case No. 05-06092-5-ATS (Bankr. E.D.N.C. Feb. 9, 2006). In this case, like in <u>Woodard</u>, no party filed a motion not to dismiss the case prior to the expiration of the 45-day period, and the trustee has not indicated that the best interest of creditors would be served by administration of the estate. Accordingly, the court does not find any authority to support the debtor's request.

Based on the foregoing, the motion to reconsider is DENIED.

END OF DOCUMENT